HON. LUKE P. POLAND;
HON. JOHN PIERPOINT,  } ASSISTANT JUDGES.
HON. LOYAL C. KELLOGG,

---

## JOHN BACON v. THOMAS McBRIDE.

### *Inheritance.*

Illegitimate children do not inherit from legitimate children of the same mother.

EJECTMENT for a tract of land in South Hero. Plea the general issue, and trial by the court at the August Term, 1859,— ALDIS, J., presiding.

It appeared that Albert Bunnell, senior, died in the year 1809,

seized and possessed of the land in question; that he left a widow and three children, Polly, Matilda and Albert, who were also the children of his widow; that the land in question was set out as dower to his widow, Sally Bunnell, and that the reversion therein under the laws then in force. descended to his children in the following proportions, viz : to Albert, Jr., one-half, and to his sisters one-quarter each; that in 1822 Albert, Jr., died, a minor without issue, and that his interest in the reversion of said land descended in equal shares to his mother and two sisters, Polly and Matilda, unless the illegitimate children of his mother here-inafter mentioned were entitled to inherit his property in equal proportions with his legitimate sisters; that Sally Bunnell, the mother of Albert, Jr., after her husband's decease, and before the death of Albert, Jr., had two illegitimate children, who were living at the time of trial; that Sally Bunnell occupied said land up to her death in 1854 ; that she executed a deed of the prem-ises in question dated 12th of September, 1851, to Darwin Adams, one of her illegitimate children, and that Darwin Adams con-veyed the same premises to the defendant by deed dated March 26th, 1856, since which time the defendant had been in possess-ion; that Polly Bunnell conveyed to the plaintiff, in 1830, the land in question, and that the other daughter of Albert Bunnell, Sr., conveyed the same land to the plaintiff in 1835.

The defendant claimed that the two illegitimate children of Sally Bunnell inherited Albert Bunnell, Jr's, interest in this land in equal proportions with his two legitimate sisters, Polly and Matilda, but the county court held otherwise, and decided that they inherited nothing from Albert Bunnell, Jr., and rendered judgment that the plaintiff recover the seizin and peaceable pos-session of the premises described in the declaration, together with damages for the wrongful occupation thereof by the defendant, to which judgment the defendant excepted.

*G. Harrington*, for the defendant.

*J. French* and *E. R. Hard*, for the plaintiff.

REDFIELD, Ch. J.   The objection founded upon the right of illegitimate children to inherit from legitimate children of the

same mother, is certainly rendered very plausible by the case of *Burlington* v. *Fosby*, 6 Vt. 83. But we think that case cannot be regarded as an authority, to the extent of the present case. The statute then in force, and the same in force in 1822, when this descent was cast, only provided that " bastards shall be capable of inheriting and transmitting inheritance *on the part of the mother*." This strictly extends no farther than to inheritance between the mother and the child. It was, by construction, in the case of *Burlington* v. *Fosby*, extended to create the relation of brother and sister between illegitimate children of the same mother. We are now asked to extend it so as to create the same relation between illegitimate children and legitimate children of the same mother. That is certainly going a very great way beyond the statute. It will enable the mother by illicit means to multiply at will the heirs to the property of her legitimate children, which may thus deprive them, in case of the decease of their brothers and sisters of the enjoyment of the property derived from their own fathers. This is certainly something not contemplated by the court, in the case of *Burlington* v. *Fosby*, and entirely beyond the purview of the statute. In fact the decision in *Burlington* v. *Fosby*, evidently goes beyond the statute. The statute probably never contemplated anything more than the present statute more specifically expresses, that illegitimate children should inherit from their mother and she from them. But the court have said that this does create the relation of mother and child and brother and sister among them. But it certainly could not, with any plausibility, be said that the statute had also extended this relation to all the legitimate children of the same mother. Such a construction would be without all warrant of the terms of the statute, and would, in many instances, and the present is one, work positive injustice, in giving the estate, derived from the father of the legitimate children, to the illegitimate children of the mother. It is true, no doubt, that such a result would follow indirectly, had the mother been alive at the decease of Albert, and subsequently deceased. But that would be, in different proportions and upon different grounds, and in compliance with the express provisions of the statute, which being general, will sometimes work a result, in some respects different from that for which they were spe-

Bacon v. McBride.

cially designed. We do not regard that as any sufficient reason why the courts should produce a result still more aside of the general purpose of the statute, and by construction merely. When courts depart from the natural import of the words of a statute, by way of construction, it is allowed only for the purpose of avoiding some result, obviously not intended by the statute, or else to secure a result which was very clearly intended by the statute. We think therefore that there is no sufficient reason for reversing the judgment, in the errors assigned at the hearing.

Judgment affirmed.