## SAFFORD, GUARDIAN, *v.* HOUGHTON'S ESTATE.

### *Effect of Adoption of Illegitimate Child by Putative Father.*

The adoption of an illegitimate child by the putative father, pursuant to s. 6, c. 55, Comp. Sts. (Gen. Sts. c. 56, s. 6), which provides that "the child shall thereafter be considered, *as respects such father*, legitimate and capable of inheriting; and the same rights, duties, and obligations shall exist *between such father* and child as if the child were born in lawful wedlock," — does not render such child capable of inheriting as the legal representative of such father, but only legitimatizes it as respects the father.

APPEAL by the plaintiff from a decree of the Probate Court whereby one tenth of the personal estate of the intestate Abel Houghton, was distributed to Frederick Houghton. The intestate died in September, 1873, leaving three children surviving him, to wit, Mary H. Sawyer, F. J. Houghton, and R. S. Houghton. Two of his children died before he did, to wit, George F. Houghton, father of Alfred S. Houghton, plaintiff's ward, and E. S. Houghton. The said Alfred was the only legitimate child of the said George, and the said Frederick was his illegitimate son, born of the body of one Annie Donaldson, with whom the

said George never intermarried; but the said George adopted the said Frederick in 1851, by a proper instrument acknowledged before a judge of the Probate Court, and duly recorded in said court, pursuant to the provisions of s. 6, c. 55, of the Comp. Sts., being identical with s. 6, c. 56, of the Gen. Sts. The question was whether the said Frederick could inherit from the intestate.

The court, at the September Term, 1875, ROYCE, J., presiding, reversed the decree of the Probate Court, *pro forma*, and adjudged that the said Frederick could not so inherit. Exceptions by defendant.

*B. Hall* and *H. A. Burt*, for defendant, cited Comp. Sts. c. 55, s. 6; 1 Bl. Com. 459; *Killam* v. *Killam*, 1 Am. Law Reg. 18; *McGunnigle* v. *McKee*, 77 Pa., an abstract of which is given in the Dec. number, 1875, of the Am. Law Reg. p. 754; and insisted that *Moore* v. *Estate of Moore*, 35 Vt. 98, was not in conflict with their position.

*A. G. Safford, pro se.*

By the common law, illegitimate children could be neither heirs nor ancestors; the rule being founded on principles of policy, to secure domestic tranquility. 1 Bl. Com. 459; 2 Kent Com. 212; Schoul. Dom. Rel. 380; Reeve Dom. Rel. 274. The claim of the illegitimate child must stand, then, solely upon the statute, and the statute seems to be so framed as to exclude the construction claimed in this case.

In order that the act of the legislature shall have the effect to make an illegitimate child legitimate and capable of inheriting, it must not only so declare, but must also declare whom he shall inherit from. *Edmonson* v. *Dyson*, 7 Ga. 572. The making of the illegitimate child heir-at-law to his father, does not give him right of representation in any other estate. *Moore* v. *Estate of Moore*, 35 Vt. 98; *Sullivant* v. *Heirs of Sullivant*, 5 Wheat. 207.

The opinion of the court was delivered by

ROSS, J. The single question presented for consideration, on the agreed facts, is the effect of the adoption by the putative father

of an illegitimate child, under the provisions of s. 6, c. 56 Gen. Sts. Does such adoption render the child capable of inheriting property where the inheritance comes to him by reason of being the legal representative of the father ? In other words, in law, is such adopted child legitimate, except as respects the father ? No question is made but that the legislature has full power to remove all disqualifications arising from illegitimacy. Hence, the real question is in regard to the construction to be put upon the language of the statute. Its operative words, after describing what must be done by such father, to adopt such child, are, "In which case the child shall thereafter be considered, as respects the father, legitimate, and capable of inheriting; and the same rights, duties, and obligations, shall exist between such father and child as if the child were born in lawful wedlock."

This language is to be construed according to its natural import, unless such construction would give to it a result manifestly not intended, or. fail to accomplish a result clearly intended, by the legislature. *Bacon* v. *McBride*, 32 Vt. 585. The language is guarded, and limited to defining the relations which shall exist between the *father and child* as the result of such adoption—"the child shall thereafter be considered *as respects the father*, legitimate, and the same rights * * * shall exist between such *father and child* as if the child were born in lawful wedlock." This language, obviously, does not attempt to carry the results of the adoption beyond the immediate parties thereto, but rather circumscribes and limits the effect of the act to such father and child. Such, we think, is the construction to be given to the language of the statute. Hence, by the act of adoption, George F. Houghton rendered his theretofore illegitimate son, legitimate as respects him, and nothing more. To Abel Houghton, the father, and to all other kindred of George F., Frederick remained as before the adoption—an Ishmael—*fillius nullius*—base-born, with no heritable quality in his blood. While he could inherit directly from his father, he was incapable of representing his father in the estate of Abel Houghton—in law, the son of George F. Houghton, but not the grandson of Abel Houghton.

Judgment affirmed, and to be certified to the Probate Court.