## MARY C. MEDLEY v. DUNLAP & LITTLE, Executors.

*Comity—Personalty distributed under law of domicil of deceased— Year's allowance.*

Personal property in this state belonging to a deceased citizen of another state, is, by comity, disposed of and distributed according to the laws of the latter state; *Hence* a widow of such person is not entitled to have her year's allowance set apart here, though she became a citizen of this state since the death of her husband.

(*Moye* v. *May*, 8 Ired. Eq., 131; *Stamps* v. *Moore*, 2 Jones, 80; *Alvany* v. *Powell*, 2 Jones' Eq., 51; *Jones* v. *Gerock*, 6 Jones' Eq., 190, cited and approved).

CONTROVERSY submitted without action under THE CODE, §567, at Spring Term, 1883, of ANSON Superior Court, before *MacRae, J.*

It appears that B. F. Medley in his life-time, with his family, went from this state and became a citizen of the state of Arkansas, and died there in December, 1881, leaving surviving him his widow, the plaintiff, and his four sons, the latter being under the age of fifteen years.

At the time of his death the defendants, citizens of this state residing in the county of Anson, had in their hands as executors of the will of the late Martha H. Little, a fund due to him (Medley) amounting to about $660, and he was indebted to citizens of this state in considerable sums of money. No administrator of his estate in this state has been appointed.

After his death, the plaintiff and her sons came to this state and became citizens of the county of Anson, and on the 29th of August, 1882, the plaintiff, as his widow, made application to have allowed and set apart to her a year's support for herself and her sons out of the personal estate in this state of her said husband. In the absence of any "crop, stock and provisions of the deceased in his possession at the time of his death," out of which to make such allowance, the commissioners allowed and assigned to her as and for her year's support $700.

MEDLEY v. DUNLAP.

The defendants contended that the plaintiff, as such widow, was not entitled to year's support to be assigned out of the personal estate of her deceased husband in this state. The court held that she was so entitled, and gave judgment accordingly, and the defendants appealed to this court.

Mr. *Samuel T. Ashe*, for plaintiff.
Messrs. *Little & Parsons*, for defendants.

MERRIMON, J.   The disposition of the personal property of deceased citizens of other states and countries, situated in this state, is, by the law of comity, governed by the laws of the former state, except that the laws of this state require that the property here shall be administered and applied to the discharge of debts and liabilities of such deceased person, before any of such property can be removed to the state where the deceased owner lived at the time of his death, or be distributed according to the laws of that state.   Such property is treated in the course of administration, with the exception mentioned above, as if it were in the state where the owner thereof lived at the time of his death. *Moye* v. *May*, 8 Ired. Eq., 131; *Stamps* v. *Moore*, 2 Jones, 80; *Alvany* v. *Powell*, 2 Jones' Eq., 51; *Jones* v. *Gerock*, 6 Jones' Eq., 190.

The plaintiff and her sons were entitled to the personal property of her deceased husband, whether situate in this state or in the state of Arkansas, under and as allowed by the laws of the latter state.   She has no right to any portion of it under the laws of this state, as his widow and one of his distributees.   It must be distributed to her and such others as may be entitled to the same, after the payment of debts, as required by the laws of Arkansas.

The fact that the plaintiff and her sons have become citizens of this state since the death of her husband, cannot alter the case, because her right supervened and accrued under the laws of Arkansas immediately upon the death of her husband, and

she takes as his widow under and according to the laws of that state through the administrator here.

If the laws of Arkansas provide for the temporary wants and necessities of widows and their families in case of deceased husbands, as it is presumed they do, then the plaintiff ought to have applied there, and had her claims allowed and paid; or if there were not sufficient assets to pay the same there, then she might have her claim thus allowed satisfied out of assets in this state upon proper application to the administrator here. But she cannot reach the assets of her deceased husband here in any other way, and for the reason that she must claim under the laws of Arkansas.

THE CODE, §2116, does not apply to or embrace widows of deceased husbands citizens of other states. If the legislature has power to do so in any case, it has not seen fit to make temporary provision for such widows and their families out of assets in this state of deceased husbands. The purpose of the statute is to make temporary provision for the widow and such members of her family as cannot take care of themselves, immediately after the death of the husband, a citizen of this state, and until some regular provision can be made for their support according to the conditions and circumstances of the estate, and as may be allowed by law.

It is very clear that the plaintiff is not entitled to a year's support as she claims, under the laws of this state, and the judgment must be reversed, and judgment entered here for the defendant. Judgment accordingly.

Error.                                                   Reversed.