C. N. SIMPSON, Adm'r, v. M. A. CURETON.

*Widow's Year's Support—Law of the Domicile.*

1. The widow of a man who dies a citizen of another State, is not entitled to a year's support out of the assets of the decedent in this State, and the fact that she became a citizen of this State after her husband's death is immaterial, since her relations to the estate and her right to share in it are fixed at the intestate's death, and by the law of the domicile.

2. If, in such case, the law of the domicile made provision for the relief of decedents' widows, and there are chattels in this State, but not enough property in the State of the domicile to satisfy such provision; *It may be,* that such laws would be given effect in this State, but this would always be in subordination to the rights of resident, and perhaps of all, creditors.

3. None but parties and privies are bound by a judgment.

4. Where the widow of one who died a non-resident of this State, applied to a justice in this State before administration was granted, and had her year's support allotted to her; *It was held,* that the judgment allotting it was void, and that she was liable for a conversion in an action against her by the administrator.

5. If a widow dies before the allotment of her year's support is made, or before the report is confirmed, her right ceases, and it does not survive either to the children or to her administrator.

(*Medley* v. *Dunlap,* 90 N. C., 527; *Cox* v. *Brown,* 5 Ired., 194; *Kimball* v. *Deming,* Ibid., 418; *Ex parte Dunn,* 63 N. C., 137; cited and approved).

CIVIL ACTION, tried before *Avery, Judge,* at Spring Term, 1886, of UNION Superior Court.

T. G. Cureton, a citizen, and with his family residing in South Carolina, died in 1882, intestate, leaving an estate both real and personal in this as well as in that State. Soon afterwards, and before the issue of letters of administration by a Court of North Carolina, his widow applied by petition to a justice of the peace to have her year's allowance set apart out of the intestate's personal property, which was done by him and two other persons qualified to act under §2121 of *The Code,* and she took possession of the articles so allotted, and applied them to the maintenance of herself and the minor children, included in the estimate of their value, under the directions of §2118.

Administration was granted by the proper Court, in March, 1883, to the plaintiff, who in December of the next year, instituted this suit to recover the value of the goods, as misapplied assets, needed in the payment of debts. The defences set up are:

1. That the allowance being made in pursuance of the forms of law, the report made by the commissioners confirmed, and judgment regularly entered in the Superior Court for the deficiency estimated, the money to be paid out of assets when received by the administrator, the proceed-

8

ing can be reached and set aside only by a direct impeaching action; until which the allowance must stand.

2. That as it does not appear that the non-residence of the defendant was known to the commissioners, their action in the premises was regular and valid, and so must remain until reversed.

3. That the creditors and plaintiff, not having opposed the allowance, nor appealed from the finding of the commissioners, under §2124 of *The Code*, are now concluded.

4. That the estimate for the children is in trust for their support, and having been thus used, no liability therefor rests upon the defendant.

The Court, by consent of parties, found the facts as stated, and thereupon caused to be entered the following judgment:

" The Court finds, as a conclusion of law, that the creditors having failed to object within the time prescribed by law, to the allowance made to the defendant out of the estate of the intestate, and to proceed as prescribed in chapter 53 of *The Code*, the administrator has no right to recover by action in this Court the value of the property assigned to her.

It is further ordered, that the defendant go without day and recover of plaintiff costs of action, to be taxed by the clerk."

From this judgment the plaintiff appealed.

*Mr. J. J. Vann*, for the plaintiff.
*Mr. D. A. Covington*, for the defendant.

SMITH, C. J., (after stating the facts).   In our opinion there is error in the ruling, and this allotment and appropriation of the assets of the estate are unauthorized and void, and afford no defence to the action.

In *Medley* v. *Dunlap*, 90 N. C., 527, it is declared that §2116 of *The Code*, does not " embrace widows of deceased husbands, citizens of other States," and that a subsequent removal to

this State does not change her relations towards the estate, since they are fixed, and her rights to share therein are determined at the intestate's death, and by the law of his domicil. If provision is made by the law of South Carolina for the temporary relief of a decedent's family, and there is no personal property, or not sufficient to meet the requirements, it may be, that such laws would be given effect upon the principle of comity, as in the distribution among those entitled under such laws, but this would always be in subordination to the demand of our own resident creditors, if not of all creditors.

To the pursuit of the property thus wrongfully converted, no legal impediment is interposed, inasmuch as the plaintiff was no party to it, and no administration had been then taken out to entitle him to make resistance to the allowance. The principle is too well settled to need a sustaining reference, that none but parties and privies are bound by any judicial action. The section referred to, entitled the representative, or any creditor, legatee, or distributee, to intervene and resist the finding of the commissioners, which though *ex parte*, would otherwise determine the amount of the allowance, and justify its recognition and payment, but this cannot extend to a claim unfounded *in toto*, and wholly without warrant in law. If the petition represented the case truly, the proceeding would show its nullity upon its face, and if suppressed, and the facts necessary to give validity to the demand not inquired into, the same result must follow when they are now developed. Can the administrator be charged as with a *devastavit?*—and this when the appeal must be taken "within ten days from the assignment," and no appointment was made until three months thereafter? This section has reference to a proceeding instituted by a resident widow, who is entitled *under our laws,* who, on application to "a justice of the peace of the township in *which the deceased resided,* or some adjoining town-

ship," undertakes to act, and has the necessary jurisdiction to act in the case. Here, there is not only a *non-resident* having no right to allowance, but a total want of jurisdiction, as much so as if exercised in a distant county, where no notice can be implied of an action for which the law gives no warrant.

Nor is there any force in the suggestion of a trust in respect to part of the allowance, and if there was, we do not see how it can protect the defendant from the wrongful conversion. But the allowance, when proper, is personal, the *amount* due her being estimated by the numbers that constitute her family of limited age, but it is nevertheless her own property, and to be used at her pleasure. So if the widow dies before the allotment is made, her right ceases, and neither her administrator nor her children succeed to it. *Cox* v. *Brown*, 5 Ired., 194; *Kimball* v. *Deming*, Ibid., 418. Nor if she die after allotment and before confirmation, does the right survive. *Dunn Ex parte*, 63 N. C., 137.

There is error, and there must be an inquiry of damages, unless the parties consent to the valuation of the commissioners, in which event final judgment will be entered upon the findings. Otherwise such inquiry must be made, and to this end let this be certified.

Error.                                          Reversed.