W. H. S. BURGWYN v. DANIEL HALL and H. T. JENKINS.

*Damages —False Arrest —Non-residents —Insolvent Debtors —*
*Constitution — Imprisonment for Debt — Assignment — Dis-*
*charge—Fraud—Tort—Trustee—The Code—Homestead.*

1. In an action for damages for a false arrest, the plaintiff obtained an
   order for the arrest of the defendants, who were non-residents.
   They being unable to give bail, filed their petition to be allowed
   the benefits of this statute relating to insolvent debtors: *Held,* they
   were entitled to the benefits of such statute.

2. There is, under the Constitution, no imprisonment for debt in this
   State, except in cases of fraud, and in such cases the defendant in
   arrest may be discharged either by giving bail or surrendering his
   property for the benefit of creditors, as provided by statute.

3. The statute entitled "Insolvent Debtors" protects from future arrest
   for the same such as have surrendered their property, though
   after-acquired property may be subject to execution and sale, in
   proper cases.

4. Every person taken or charged on any order of arrest for default of
   bail, or on surrender of bail in any action, and every person taken
   or charged in execution or arrest for any debt or damage rendered
   in any action whatsoever, is entitled to the benefits of the chap-
   ter entitled "Insolvent Debtors."

5. The benefits of the statute extend as well to those arrested for torts
   as for debt, and the debt growing out of one is no more a debt
   and no more entitled to extraordinary process for its collection
   than the other.

6. In order to prevent undue preference in favor of parties whose debts
   are already ascertained, the proper remedy of the party seeking
   to establish and secure his damages for tort is to have a trustee
   appointed, under *The Code,* §§ 2957, 2977, 2981, to hold and dis-
   tribute among creditors when and as soon as all debts are ascer-
   tained.

7. The benefits of the statute are not confined to the residents of this
   State, but non-residents cannot take the benefits of this homestead
   and personal property exemptions; nor are they entitled here to
   any exemptions given by the laws of their own State.

DAVIS, J., and AVERY, J., dissented.

This was an appeal from an order made by *Whitaker, J.,* in an action pending in VANCE Superior Court.

The plaintiff brought his action against the defendants, who are non-residents of this State, to recover damages for an alleged injury to his person done and procured to be done by them. In the course of the action, he obtained an order for their arrest, and they were duly arrested, and, failing to give bail as allowed by law, they are held in the common jail of the county of Vance, in which county the action was brought. The defendants filed their petition, therein alleging the material facts in the Superior Court of said county, in which the action mentioned is pending, praying that they may be allowed the benefit of the statute (*The Code,* ch. 27), entitled "Insolvent Debtors." The plaintiff opposes the application of the defendants, denies that they are insolvent, and insists that, inasmuch as it appears that they are non-residents of this State, and the cause of action on account whereof they are arrested and held is a tort, they are not entitled to the benefits of the statute they invoke.

The Court gave judgment denying the application of the defendants to be discharged from custody, and they appealed to this Court.

*Messrs. W. H. Cheek, A. C. Zollicoffer* and *W. R. Henry,* for plaintiff.

*Messrs. T. T. Hicks* and *Pittman & Shaw,* for defendants.

MERRIMON, C. J.: The Constitution (Art. 1, § 16) provides that "There shall be no imprisonment for debt in this State, except in cases of fraud." The Legislature, observing this provision, has provided by statute (*The Code,* § 291) that in civil actions, founded upon particular causes of action specified, the defendant may, under an order of arrest duly obtained, be arrested and held in custody unless he shall, as he may do in the way prescribed, give bail " by causing

a written undertaking, payable to the plaintiff, to be executed by sufficient surety, to the effect that the defendant shall at all times render himself amenable to the process of the Court during the pendency of the action, and to such as may be issued to enforce the judgment therein;" and he may, likewise, be arrested in execution upon a judgment in the cases specified, as prescribed by the statute (*The Code*, §§ 442, 447, 448, par. 3); otherwise, parties in civil actions cannot be arrested unless for contempt.

But another statute, entitled "Insolvent Debtors" (*The Code*, §§ 2942, 2981), provides, generally, that every insolvent debtor may, in the way prescribed, "assign"—surrender—his estate for the benefit of all his creditors, and that his person may thereafter be exempt from arrest or imprisonment on account of any judgment previously rendered, or of any debts previously contracted. It would seem that this statute is unnecessary as to honest debtors, because the constitutional provision above recited relieves such debtors from imprisonment. Such surrender of his property by an insolvent debtor for the benefit of his creditors, as to debts and judgments existing before such surrender, would relieve him from possible future annoyance and arrest on account of such debts, although property he might thereafter acquire might be liable to levy and sale to pay the same in proper cases. But the benefits of this chapter are not confined to simply insolvent debtors, so designated; such benefits are extended to other classes of persons held in arrest in civil actions. The statute cited (*The Code*, § 2951) prescribes that "the following persons are entitled to the benefits of this chapter:

"1. Every person taken or charged on any order of arrest for default or bail, or on surrender of bail in any action.

"2. Every person taken or charged in execution of arrest for any debt or damages rendered in any action whatever."

. It is to be observed that this provision enlarges the general purpose of the statute by extending the same to the classes

of persons specified: First, to "every person taken or charged
(not yet arrest.d) on any order of arrest for default of bail";
secondly, to every person whose bail has surrendered him,
as allowed by the statute; thirdly, to "every person taken or
charged (but not yet taken) in execution of arrest for any
debt or damages rendered in any action whatever," as allowed
by the statute (*The Code*, §§ 442, 447, 448, par. 3). The terms—
all of them—thus extending the purpose of the statute, are
as broad and sweeping as they well can be. They do not, in
any view of them as to the purpose intended, imply limita-
tion or discrimination. They plainly embrace "every per-
son" taken or charged to be arrested by virtue of "any order
of arrest"—not specially for a tort, or for fraud, or other
particular cause of action as to which a person may be
arrested, but for *any cause of action*, no matter what may be
its nature, if the person is arrested in a case wherein he may
lawfully be so. They, in plain, strong terms, embrace any
such arrest made or ordered to be made in any action what-
ever—that is, any action in which a person—a party—may
be so arrested. There is a total absence of words or phrase-
ology of limitation or discrimination in the section of the
statute just recited, or in the statute, or elsewhere, that con-
fines its benefits to persons so arrested or to be arrested as
fraudulent debtors. Nor is there anything in the nature or
purpose of the statute that reasonably, much less necessarily,
implies such limitation. Its general purpose is to relieve
honest insolvent debtors from arrest on account of debts and
judgments against them existing at and before the time they
make a surrender of their property as prescribed. The pur-
pose of the particular section of the statute under considera-
tion is to relieve a party to an action arrested, or presently
subject to arrest, or "in execution of arrest for any debt or
damage rendered in any action whatever," upon a surrender
of his property in the way prescribed. In such case, the
party arrested and so seeking relief must notify the creditors

or plaintiff at whose suit he is arrested, but he may or may not notify other creditors of his application to surrender his property and be discharged from arrest, and only such creditors as may be so notified will be affected by his discharge. *The Code*, § 2955. The principal relief sought in such case by the party arrested is to be discharged from arrest in the action brought by the creditor at whose instance he was arrested. And he is entitled to such discharge upon the honest surrender of his property in the way prescribed; whether the cause of action on account of which he was arrested was a fraudulent debt, or a tort, or of other nature as to which he might be arrested. The statute (*The Code*, § 2952) so expressly provides. It, in broadest terms, embraces " every person taken or charged as in the preceding section (that above described) specified."

It is insisted, however, that the several sections of the statute pertinent to that (section 2951) above recited, mention and refer in terms only to *debtors and creditors*, and do not in like express terms mention or refer to persons arrested or to be arrested for causes of action other than a fraudulent debt, and, therefore, persons arrested or to be arrested for such other causes of action are not entitled to the benefits of this statute. The terms " debtor and creditor" are employed generally in varying connections throughout the statute to designate the classes of persons to be affected by it, and such terms are not modified so as to make them pertinently and expressly applicable to persons *arrested* seeking benefit of the statute. It seems that the Legislature in enlarging and extending the purpose of the statute so as to embrace all persons arrested and to be arrested in civil actions, probably by inadvertence failed to use the most appropriate terms to effectuate and harmonize the details of its purpose; but such failure, and the use of the not very precise words *debtor and creditor*, in matters of detail, cannot be allowed to modify and abridge by mere implication the

meaning and application of the plain, strong and comprehensive words and phraseology employed in the section extending the benefit of the statute to all persons so arrested. As we have said, such purpose appears clearly by explicit and the most comprehensive terms; and moreover, it appears from the nature of the matter. Why should a person guilty of fraud in contracting a debt on which an action is founded, when he shall be arrested on that account, as he may be, have the benefit of the statute under consideration, and another person arrested in an action brought to recover damages for an injury to person or character, or for injuring or for wrongfully taking, detaining or converting property, not have the like benefit? Can any just, or even plausible, reason be suggested for such distinction? Clearly the Legislature had no intention to exclude any person arrested in a civil action for any of the causes specified in the statute (*The Code*, § 291) from such benefit. None appears from its terms, or by reasonable inference or implication.

The terms "debtor and creditor," employed generally and without precision in the statute as to persons arrested in civil actions, must be taken as meaning and applying to the plaintiff and defendant in the action in which the defendant shall be so arrested. They imply the plaintiff's claiming and suing for damages for which the defendant is liable to him. Such interpretation is allowable and reasonable, with a view to effectuate the intention of the statute as to persons so arrested.

When, and as soon as the plaintiff obtains judgment for damages in such case, he at once becomes a judgment creditor of the defendant, and then he comes within the words of the section of the statute recited above. The second clause thereof expressly embraces "every person taken or charged in execution of arrest for any *debt or damages* rendered in any action whatever." Thus, persons "in execution of arrest" for fraudulent debts (they could not be

arrested for or on account of honest debts), and for "damages rendered in any action whatever," are expressly put on the same footing.

It is further said that the plaintiff in an action for injury to the person, before trial, has no debt, and may never obtain judgment; and it is asked, to what end shall the defendant, arrested in such action, surrender his property as contemplated by the statute and be discharged, and how shall his property so surrendered, or the proceeds of the sale thereof by the trustee be distributed as between the plaintiff (who has no debt or judgment) and other creditors of the defendant? It is hence insisted that the defendant is not entitled to the benefit of the statute. In such case the statute contemplates that the defendant may surrender his property and be discharged, and thus he may have the benefit of the principal object to be attained. His property so surrendered will pass to a trustee, to be appointed as prescribed by the statute (*The Code*, §§ 2957, 2977, 2981), to be applied for the benefit of his creditors, including the plaintiff in the action, when he shall obtain judgment. The distribution of the assets of the defendant may, if need be, be stayed until plaintiff's action shall be tried. If he shall obtain judgment, he will share in the distribution of the assets; if he shall not, then the assets will be distributed to the defendant's creditors; and if there be any surplus, the same will be returned to him. The statute so intends.

The difficulty and objection suggested are no greater, or otherwise, substantially, than it would have been if the cause of action sued upon had been a fraudulent debt contracted by the defendant. Indeed, in any case or proceeding involving a distribution of the assets of an insolvent debtor, the distribution might be stayed until a disputed claim could be litigated and determined. Besides, provisions of a statute affecting its details, not altogether practicable, but not essential to its effectiveness, and the absence of like provisions,

will not be allowed to defeat or abridge its purpose clearly appearing. It is the duty of the Court to give it full effect, if this be at all practicable, and to that end to interpret its terms and phraseology in the light of and with a view to its purpose.

We think it clear that the provisions of the statute under consideration extend to and embrace every person arrested or to be arrested in a civil action on account of any cause of action specified in the statute (*The Code*, § 291). If the contention of the plaintiff should be allowed to prevail, no person arrested before judgment in the action could have benefit of the statue, unless he should be arrested on account of a fraudulent debt. If the purpose had been to so limit its application it would have so declared—it certainly would not have employed such explicit and comprehensive terms to express its narrow and exclusive meaning.

Nor are the benefits of the statute confined to residents of this State. There is no provision in it, or any other statute, within our knowledge, that in terms or by reasonable implication declares that a non-resident shall not be discharged from arrest in a civil action, if he makes the complete surrender of his estate as prescribed.

The defendants being non-residents, are not entitled to homestead and personal property exemptions. Such exemptions are allowed only in favor of persons having residence in this State. *Baker* v. *Legget*, 98 N. C., 304; *Finley* v. *Saunders, ibid.*, 462. Nor are they entitled to such exemptions here under any statute of the State of Georgia, they being citizens of that State. Such statute could not secure to them in this State exemptions of property against the rights of creditors. In some respects, the Courts of this State, upon principles of comity, will administer the laws of another State in the distribution of the property of deceased persons who were citizens of the latter State, but they will

do so subject to the rights of citizens of this State. *Medley* v. *Dunlap*, 90 N. C., 527; *Simpson* v. *Cureton*, 97 N. C., 112.

The defendants are entitled to be discharged from arrest when they make surrender of their property as specified in their respective accounts of the same. To the end the same may be received and disposed of according to law, the Court should appoint a trustee for that purpose, as prescribed by the statute (*The Code*, §§ 2957, 2977, 2980).

No harm can come from the construction we have given the statute, because it is always in the power of the plaintiff to suggest fraud and have an issue submitted and defendant held (in default of bail) till it is found that a full disclosure has been made.

There is error. The defendants are entitled to make surrender of their property and be discharged from arrest according to law. To that end, let this opinion be certified to the Superior Court. It is so ordered.

DAVIS, J.—dissenting: I cannot concur in the opinion that the defendants are entitled, *before judgment rendered,* to the benefit of chapter 27 of *The Code.* It is manifest, and I suppose will be conceded, that the relation of creditor and debtor cannot exist, if ever, till "*after judgment,*" when, if the plaintiff shall recover damages, he will become "a judgment *creditor,*" and the defendants will become "judgment *debtors.*" I think chapter 27 of *The Code* can only apply when the relation of *creditor* and *debtor* exists by reason of a contract, *express or implied,* or when the relation is established by a "judgment rendered" for the recovery of unliquidated damages, or in an action *ex delicto.* I think this plainly appears from the title of the original act (Acts of 1868–'69, ch. 162) and the context of the act. This Court can only construe and declare the law; it cannot make law, and if section 2951 of *The Code* is to receive the broad construction given to it, without reference to the context or subject matter of the

108—32

chapter, then it must apply to any action whatever, and the person under arrest, whether debtor, tort-feasor, or criminal, is entitled to discharge, for there is nothing but the context and subject matter that restricts the section to civil actions, and these plainly restrict it to insolvents against whom there is a "previously" rendered "judgment" or a "previously contracted debt." No one would insist that a person under arrest in a *criminal* action would be entitled to the benefit of the act, and yet it seems to me this would be no more in conflict with the chapter relating to crimes than with the chapter on arrest and bail. I think it is inconsistent with either. When any unadjudicated claim, whether *ex contractu* or *ex delicto,* becomes a debt by the ascertainment and judgment of Court, the relation of creditor is established, and the debtor is entitled to the benefit of the act. Section 2952 provides only for the discharge upon compliance with chapter 27 of *The Code,* and, without enumerating the provisions to be complied with, there is not one of them that is not predicated upon a previously contracted debt or a previously.*rendered* judgment. If these defendants had been arrested at the suit of some creditor (the plaintiff cannot be a creditor until and unless he becomes such by judgment yet to be *rendered*), there can nowhere be found in the statute a provision by which they can notify the plaintiff in this action, or anyone else against whom they may have committed a tort, and obtain their discharge as against the claim for damages which the person wronged may have till after *judgment rendered.*

It is well settled that the constitutional provision prohibiting imprisonment for debt except for fraud has no application to actions for torts. *Long* v. *McLean,* 88 N. C., 3, and cases cited; *Kinney* v. *Laughenour,* 97 N. C., 326, and cases cited. If a person arrested upon a charge of *fraud* is not entitled to discharge before trial, why should one arrested for tort be so entitled? Before an order of arrest can be

made, the plaintiff is required to give bond, with security, for the protection of the defendant, and upon which he may have redress if it shall be found by the judgment that the plaintiff is not entitled to recover. Would the condition of this bond be cancelled by the discharge of the defendant *before* judgment? I think not; and if the defendant is held to bail for a tort, I think he can only be discharged, *before judgment*, by complying with section 298 of *The Code*, as a criminal punished by fine and costs can only be discharged after judgment for fine and costs

Section 2951 is the only section relied on for the discharge of the defendants. That section declares .what "persons shall be entitled to the benefit of this chapter." The first section of the chapter (section 2942 of *The Code*,) provides that the insolvent may file his petition, etc., praying that his estate may be assigned for the benefit of all his *creditors,* and "that his person may thereafter be exempt from arrest or imprisonment on account of *any judgment previously rendered or of any debt previously contracted.*" Section 2950 provides that the person of the insolvent, by the *order of discharge,* "shall forever *thereafter be exempted from arrest or imprisonment on account of any judgment or debt due at the time of such order, or contracted for before that time, though payable afterwards,*" except the provision in section 2967 in favor of the putative father of a bastard, or person committed for fine and costs in criminal actions. I am unable, after a careful examination of the statute which we are called upon to construe, to find a section or sentence that will extend its "*benefit*" to any insolvent person on account of any judgment not yet rendered or any *debt not yet contracted.* There is as yet *no judgment rendered* or debt existing against the defendants, and (give to section 2951 the broadest possible construction and the "*benefit*" prescribed in sections 2942 and 2950, does not extend to them) I think, unless we mean to extend the "benefit" of a statute which,

by its clear and unmistakable language, limits it to judgments *previously* rendered or debts *previously* contracted, to *judgments* for damages *hereafter* to be *rendered*, the defendants do not come within its "benefit." If the language of the statute limits the "benefit," I do not think we can extend it by construction so as to include the defendants, unless persons against whom damages are claimed and sought to be recovered for alleged torts, however grievous they may be, are to find, *before judgment* (and by the action of a debtor), a benefit that can nowhere be found in favor of an insolvent debtor.

The defendants have been lawfully arrested, *before judgment*, in an action *ex delicto* for a tort, and the action is still pending, which distinguishes it from *Houston* v. *Walsh*, 79 N. C., 35, which, I think, by the clearest implication sustains the view presented by me. Being lawfully in arrest for a *tort* they cannot be discharged except as allowed in the chapter on arrest and bail, or until it is determined by judgment whether there are damages or not, when of course they will be discharged if there are none, or if there shall be judgment making them judgment debtors, when they will be entitled to the benefits of chapter 27 of *The Code*. In the present case the insolvent may have no assets to distribute, but if there were I know of no provision by which they could be distributed except among creditors existing at the time of the application for discharge, but cases may arise in which our decision may be of vast interest to persons who may be greatly damaged by tort-feasors, and having a decided conviction as to the construction to be placed upon the statute I have felt it my duty to enter my dissent to that placed upon it by the Court.

AVERY, J.: I concur in the opinion of my brother DAVIS.
*Per Curiam.*                                               Error.