MARQUIS D. L. MOWRY, Appellant, *vs.* DANIEL W. LATHAM, Administrator.

PROVIDENCE.

A., unmarried, died intestate, leaving a brother who was *non compos* and under guardianship, and also an uncle. The guardian applied for letters of administration, and the uncle nominated as administrator a stranger to the estate. The latter was appointed, and the guardian given leave to withdraw his petition. The latter appealed, and various motions were made to dismiss the appeal :—

*Held*, that the guardian had sufficient interest in the matter to entitle him to appeal, and that his appeal bond was valid.

*Held*, further, that the appointment by the Probate Court, after thirty days from the intestate's decease, was not invalid because the application therefor was made within said term of thirty days.

*Held*, further, that our statute does not require an applicant for appointment as administrator upon an intestate estate to be next of kin, or a creditor of the deceased ; and an appointment made upon such application is valid if not appealed from and reversed.

*Held*, further, that such applications are not to be encouraged, and the court might properly, in its discretion and upon its own motion, refuse to entertain an application of this kind, or, on motion of an interested party, dismiss it.

*Held*, further, that the guardian of the brother and next of kin of the deceased was entitled to the appointment in preference to a stranger nominated by one who would have been the next of kin if the brother had died before the deceased.

PROBATE APPEAL. Heard on the several motions to dismiss stated in the following rescripts.

(*November 8, 1890.*)

PRESENT : Durfee, C. J., and Matteson, J.

PER CURIAM. The court is of the opinion that Marquis D. L. Mowry, as guardian of the person and estate of Edwin H. Mowry, next of kin of the intestate, had an interest sufficient to entitle him to appeal, and that his appeal bond is valid.

The court do not think that the appointment of said Latham was invalid because the application therefor was made within thirty days of the intestate's decease ; the appointment itself having been made more than thirty days thereafter.

(*March 7, 1891.*)

PRESENT : Durfee, C. J., Matteson and Stiness, JJ.

PER CURIAM. We think the appellant's motion to dismiss should be denied. There is nothing in our statutes which makes it essential to the validity of an application for the appointment of an administrator on an intestate estate, that the applicant should be interested in the estate as next of kin, or as creditor of the deceased, and we are of the opinion that a grant of administration, made upon the application of a person who is neither creditor or next of kin, would be

valid unless appealed from and reversed.   We think, how-
ever, that such applications· are not to be encouraged ; espec-
cially where the applicant is a mere intermeddler, or where
there is no need of administration, and that the court might
properly in its discretion and on its own motion refuse to en-
tertain such an application, and, of course, might on the
motion of any person interested in the estate, dismiss it.
The applicant here, however, can hardly be regarded as a
mere intermeddler.   He was an uncle of the deceased and
nearest of kin to him of any one but the brother, who is *non
compos* and is under the guardianship of the appellant, and
there is no suggestion that the administration is unnecessary.
It does not appear that any opposition was made to the appli-
cation in the court below upon the ground on which the ap-
pellant moves now to have it dismissed, and the proceeding,
after the appeal to this court, remained in this court for more
than three months before this motion was made.   We are of
the opinion that, in view of this delay, we may properly, in
the exercise of our discretion, deny the motion.

   Motion denied.

### (*August 1, 1891.*)

Present :   Matteson, C. J., Stiness and Tillinghast, JJ.

   Per Curiam.   The court is of the opinion that the domicile
of Van Buren Mowry, deceased, at the time of his death was
in Smithfield, and, therefore, that the Probate Court of that
town has jurisdiction to grant administration upon his estate.
   The court is, however, further of the opinion that the ap-
pellant, Marquis D. L. Mowry, as the guardian of the estate
of Edwin H. Mowry, the brother and next of kin of the de-
ceased, is entitled to administration in place of said Edwin,
who would have been entitled, if competent, and in prefer-
ence to the appellee, Daniel W. Latham, a stranger nomi-
nated by a person who would have been of the next of kin,
had said Edwin died before the deceased.   *Johnson* v. *John-
son,* 15 R. I. 109.

   *Marquis D. L. Mowry*, for appellant.
   *Stephen A. Cooke and Louis L. Angell*, for appellee.