\* GRAHAM *v.* STULL.

*(Jackson.* June 3, 1893.)

1. YEAR'S SUPPORT. *Widow of non-resident not entitled to.*

Our statute providing for year's support for widow out of the estate of her deceased husband does not embrace non-residents.

Code construed: §3125 (M. & V.); §2285 (T. & S.).

Cases cited: Curd *v.* Curd, 9 Hum., 171; Sanderlin *v.* Sanderlin, 1 Swan, 441; Bayless *v.* Bayless, 4 Cold., 359; Vincent *v.* Vincent, 1 Heis., 333; Turner *v.* Fisher, 4 Sneed, 209; Pride *v.* Watson, 7 Heis., 232; Rice *v.* Hunt, 7 Lea, 33; Rhea *v.* Greer, 86 Tenn., 59; Railroad *v.* Kennedy, 90 Tenn., 185; Lisenbee *v.* Holt, 1 Sneed, 50; Hawkins *v.* Pearce, 11 Hum., 44; Emmett *v.* Emmett, 14 Lea, 369; Prater *v.* Prater, 87 Tenn., 78; Holland *v.* Railroad, 16 Lea, 418; Carson *v.* Railroad, 88 Tenn., 646.

2. SAME. *Statutes providing, liberally construed.*

Doctrine re-affirmed that statutes providing for year's support are construed liberally in favor of the right.

Case cited and approved: Rhea *v.* Greer, 86 Tenn., 59.

---

FROM SHELBY.

---

Appeal from Probate Court of Shelby County. J. S. GALLOWAY, Ch.

W. G. WEATHERFORD and JNO. P. EDMONDSON for Graham.

---

\* The right of a non-resident widow to statutory allowance is the subject of a note to the above case in 21 L. R. A., 241.—REPORTER.

43—8 P

RANDOLPH & SON for Stull.

WILKES, J.    This is an appeal from a judgment of the Probate Court of Shelby County, allowing a year's support to the defendant in error, Mrs. Addie B. Stull, as the widow of Dr. G. T. Stull.

Dr. Stull, at the time of his death, was a resident of Crittenden County, Arkansas, and had been residing there for a number of years, though frequently in Tennessee, where both he and his wife resided before their marriage.    He left an informal will, which was probated in Crittenden County, Arkansas, by W. S. Graham, the executor named therein, and a transcript of its probate was filed in the office of the Clerk of the Probate Court of Shelby County, and Graham was, by that Court, also appointed executor of the will in Tennessee.

Mrs. Addie B. Stull, the widow, dissented from the will, and filed her petition in the said Probate Court of Shelby County, asking for a year's allowance out of the estate of her deceased husband in Tennessee, according to the statutes of Tennessee. The assets consist of cash collected from W. N. Brown & Co., and in the hands of Graham, the executor, amounting to something over $3,000, and one second-hand piano.

The Probate Court appointed Commissioners to set apart the year's support.    A few days thereafter, W. S. Graham and wife filed a paper in that Court, asking that the petition be not allowed, but dismissed.    Mrs. Graham, the wife of Executor Graham, is the only child and heir of Dr. Stull.

The matter proceeded somewhat irregularly to trial. The Commissioners made report March 14, 1893, setting apart to Mrs. Stull $2,500 for her year's support. To this report Graham and wife excepted. An agreed statement of facts was filed in the cause, and considered on the hearing. The Court below confirmed the report of the Commissioners, and directed that the allowance be paid by the executor, Graham, to Mrs. Stull, the widow, out of the cash in his hands belonging to the Tennessee estate.

From this judgment Graham, as executor, and Graham and wife appealed, and have assigned various errors, only one of which it is necessary to mention, as it is decisive of the entire controversy. It is, in substance, that the statute of Tennessee providing a year's support for a widow was intended to apply, and does apply, exclusively to a widow residing in Tennessee, and not to a widow of any person residing in an alien State at the time of his death.

From the agreed statement of facts it appears that certain proceedings were had in Arkansas, in the Courts of Crittenden County, under which the widow made an election to be endowed out of her husband's estate in Arkansas, and executed a quit-claim to the heir of all her rights under the will of her deceased husband, and set up her claim to a child's part—in this instance being one-half of the entire estate, real and personal. Under decrees in that Court, about $1,246.37 has been paid to

the widow pending further proceedings, and the settlement of a controversy between the widow and Graham and · wife in regard to the rents of the Arkansas lands.

Mrs. Stull, the widow, insists that she is en- titled to all the benefits secured to widows in Tennessee under the statutes, without reference to any thing that may be done in Arkansas under the statutes of that State.

Whether Mrs. Stull is entitled to a year's support out of the assets in Tennessee depends on the construction of the statutes of this State. By the Code, § 2285 (M. & V. compilation, § 3125), it is, in substance, provided that upon the application of the widow of an intestate, or of a widow who dissents from her husband's will, the County Court, through commissioners, shall set apart to her, for the use of herself and family, a year's support out of any estate left by the deceased. This allowance is made irrespective of the condition of the estate as to solvency or insolvency, and the amount depends upon the number of the family and their previous mode of life during the life-time of the deceased, and the property thus set apart does not enter into the administration of the estate, and does not go into the hands of the administrator, and, if it comes into his hands, may be recovered therefrom by the widow, and it is in nowise subject to the debts of the deceased.

The law is, in a certain sense, a statute of exemption, and is a provision made with reference

to the affliction, helplessness, and necessities of widows immediately after the death of their husbands. Its nature and character are fully explained and applied in many cases in our State decisions. *Curd* v. *Curd*, 9 Hum., 171; *Sanderlin* v. *Sanderlin*, 1 Swan, 441; *Bayless* v. *Bayless*, 4 Cold., 359; *Vincent* v. *Vincent*, 1 Heis., 333; *Turner* v. *Fisher*, 4 Sneed, 209; *Pride* v. *Watson*, 7 Heis., 232; *Rice* v. *Hunt*, 7 Lea, 33; *Rhea* v. *Greer*, 2 Pickle, 59; *Railway Co.* v. *Kennedy*, 6 Pickle, 185.

The statute, as well as all other statutes of exemption, should be liberally construed. *Rhea* v. *Greer*, 2 Pickle, 59.

But the important question remains, Is it a provision intended to apply alone to cases where residents of the State may die leaving widows and families residing in the State, or does it embrace also widows of deceased persons who were non-residents when they died but owned property in Tennessee?

This is a new question in Tennessee, and seems to have been rarely considered in other States.

It has been held that the widow of a non-resident intestate may sue for her year's allowance for support in Georgia, there being property there, and especially if there are no debts in the State of domicile, but the amount to be recovered must be regulated by the law of the State. *Mitchell* v. *Word*, 64 Georgia, 208; 3 Am. & Eng. Ency. of Law, page 651.

The case of *Kapp* v. *The Public Administrator*,

reported in 2 Bradford's Surrogate Reports (N. Y.),
in the matter of the estate of Peter Eikes, de-
ceased, is one resting on peculiar circumstances.
In that case, the intestate died at sea, while on
his way from Germany to the United States, hav-
ing left his wife and children in Germany.    Cer-
tain assets, on board the vessel, came into the
hands of the Public Administrator at New York,
and creditors having appeared to claim satisfaction
of their demands, the question was raised whether
the widow was entitled to a year's support.    There
was no contest between the widow and heir or
distributee.    The Court held that she was so en-
titled.    It is evident, in that case, that, while the
intestate had not, in fact, acquired a domicile in
New York, yet he had left his former home in
Germany for that purpose, and was engaged in the
execution of that purpose when he died.    He was
virtually a resident of New York, under the cir-
cumstances, and entitled to the protection of its
laws in favor of residents.

In *Shannon* v. *White*, 109 Mass., 146, it was
held that, under the statutes of Massachusetts, the
widow of a non-resident was not entitled to the
allowance provided by the statute.

The statute of North Carolina provides for mak-
ing an allowance from a decedent's estate to the
widow, upon application by her to a Justice of
the Peace of the township in which the deceased
resided, or some adjoining township, and it was
held that this provision did not apply to the case

of a decedent who resided and died in another State, although having property in North Carolina, and although the widow subsequently moved into that state. *Simpson's Adm'r* v. *Cureton*, 2 S. E. Rep., 668; *Medley* v. *Dunlap*, 90 N. C., 527.

The decisions of other States are based upon the statutes of those States, and cannot be controlling in this, and are of but little aid. Nor are we aided to any extent by the decisions of our own or other States regarding dower to non-resident widows, inasmuch as dower is a common law right, not dependent for its existence upon statute, though largely regulated by statute in each State as to its mode of assignment, and as to the property out of which it may be assigned. The statute, in its object and purpose, is very similar to statutes exempting a homestead and certain personal property to the widow and children of deceased persons.

It has been almost uniformly held in the Courts of Tennessee, and in the Courts of other States of the Union, that such statutes, being different in the several States, are not intended and do not apply to citizens of other States; that such laws, upon the one hand, have no extraterritorial force, and, on the other, are not designed to extend their benefits to non-residents. *Lisenbee* v. *Holt*, 1 Sneed, 50; *Hawkins* v. *Pearce*, 11 Hum., 44; *Emmett* v. *Emmett*, 14 Lea, 369; *Prater* v. *Prater*, 3 Pickle, 78; *Holland* v. *Railroad*, 16 Lea, 418; *Carson* v.

*Railway Co.*, 4 Pickle, 646; Succession of Christee, 96 Am. Dec., 413, and note.

We are of opinion that the statute providing for a year's support for the widow of a deceased person applies only to the widow of such person as may be residing in Tennessee at the time of his death, and does not apply to the widow of a non-resident. Holding this view of the case, it is immaterial what provision may have been made, or benefits received, by a non-resident widow in the State of her residence, or whether she has, in the State of her domicile, received any thing, or is entitled to receive any thing, as a year's support or widow's allowance.

We are therefore of opinion that the Court below was in error in giving a year's support to Mrs. Stull out of the assets of her husband's estate in Tennessee; and the judgment of the Court below is reversed, and the petition of the widow dismissed with costs.