IN THE MATTER OF

THE ESTATE OF ISAAC F. BEAUCHAMP, DECEASED.

*Sussex, December 3, 1938.*

RICHARDS, J., sitting.

*Caleb M. Wright,* for exceptant.

*Tunnell* and *Tunnell,* for Sallie K. Beauchamp, Executrix.

RICHARDS, Judge: The petition filed on behalf of Minnie Franklin Pusey, the exceptant, sets forth that Isaac F. Beauchamp died testate at Showell, Worcester County, Maryland, on May 22, 1937, and that letters testamentary were granted to Sallie K. Beauchamp in Worcester County, Maryland; that subsequently an exemplified copy of the will of the said Isaac F. Beauchamp was filed before the Register of Wills, in and for Sussex County, Delaware, and ancillary letters testamentary were granted to the said Sallie K. Beauchamp on May 27, 1937; that Sallie K. Beauchamp, Executrix as aforesaid, filed an inventory with the Register of Wills of Sussex County, Delaware, showing personal estate located in Delaware, amounting to $1,916.47. She subsequently passed her first and final account before said Register of Wills of Sussex County, Delaware, which was approved and allowed. Said account contained an item of $500 paid to Sallie K. Beauchamp, as widow of the said Isaac F. Beauchamp, for her widow's allowance under the law of this State.

The only exception relied upon at the argument was based upon said widow's allowance of $500 to Sallie K. Beauchamp; it being contended that in view of the fact that Isaac F. Beauchamp was domiciled in Maryland at the time of his death his widow was not entitled to an allowance out of that portion of his estate located in Delaware.

It is admitted that both Isaac F. Beauchamp and Sallie K. Beauchamp, his wife, were domiciled in Maryland at the time of his death; and that Sallie K. Beauchamp, his said widow, was granted an allowance of $75 in Worcester County, Maryland, under the law of Maryland.

The general rule recognizes the place of the decedent's last domicile, as the place where the principal administration upon his estate should be granted. Other administration may be had wherever property of the decedent is found but it is ancillary or auxiliary to that granted at the last place of abode. *Doe v. Owens,* 2 *B. & Ald.* 423, 109 *Eng. Reprint* 1200; *Wilkins v. Ellett,* 108 *U. S.* 256, 2 *S. Ct.* 641, 27 *L. Ed.* 718; *In re Brady,* 177 *Cal.* 537, 171 *P.* 303; *Rackemann v. Taylor,* 204 *Mass.* 394, 90 *N. E.* 552; *Whiting v. Shipley,* 127 *Md.* 113, 96 *A.* 285; *Williams v. Dougherty,* 39 *Ind. App.* 9, 78 *N. E.* 1067; *In re Rowe's Estate,* 179 *Iowa* 541, 161 *N.W.* 626; *In re Miller's Estate,* 90 *Kan.* 819, 136 *P.* 255, *Ann. Cas.* 1915B, 699, *L.R.A.* 1915D, 856; *Mowry v. Latham,* 20 *R. I.* 786, 40 *A.* 236, 341.

The descent of real property is controlled by the law of the place where it is located; but the disposition and distribution of personal property, wherever the same may be situated, is governed by the law of the domicile of the owner at the time of his death. *Ennis v. Smith,* 14 *How.* 400, 14 *L. Ed.* 472; *Lawrence v. Kitteridge,* 21 *Conn.* 577, 56 *Am. Dec.* 385; *Holmes v. Adams,* 110 *Me.* 167, 85 *A.* 492; *In re Majot's Estate,* 199 *N. Y.* 29, 92 *N. E.* 402, 29 *L.R.A.* (*N. S.*) 780; *In re Grattan's Estate,* 78 *N. J. Eq.* 225, 78 *A.* 813; *Noonan v. Kemp,* 34 *Md.* 73, 6 *Am. Rep.* 307; *Dickinson v. Belden,* 268 *Ill.* 105, 108 *N. E.* 1011; *McDougald v. Lilienthal,* 174 *Cal.* 698, 164 *P.* 387, *L.R.A.* 1917 *F,* 267.

The principal letters of administration in this case were properly granted in the State of Maryland, where the decedent resided at the time of his death; but when personal property was located in this State, it was likewise

proper to obtain ancillary letters in this State in order that the property found here might be collected and the estate benefited thereby. The law of this State regulating the procedure to be taken when the principal letters have been granted in another State, is found at *Chapter* 98, *paragraph* 3868, *Section* 70, *of the Revised Code of* 1935. This provision requires that there shall be an accounting for all of the personal estate of the deceased in this State, and that the same shall be distributed according to law.

The Delaware statute providing for a widow's allowance is *Chapter* 98, *paragraph* 3876, *Section* 78, *of the Revised Code of* 1935, and is in this language:

"The widow of any decedent shall be entitled to receive and the executor or administrator shall pay to her, as soon as conveniently may be during the year of administration, cash up to the amount of Five Hundred Dollars out of the estate of the decedent, which payment shall take priority over all unsecured debts, expenses, legacies, taxes, and all other unsecured claims against the estate of the decedent. The foregoing provision shall not affect any other rights to which she may be entitled either under the will of her husband or the provisions of the intestacy laws of this State."

This statute, like all statutes passed by the Legislature, was primarily intended for the benefit of the people of this State; but as a general proposition, non-residents, owning property here or transacting business here, are likewise entitled to the benefit of the laws. Of course, there are specific instances, such as the right to vote, when the provisions of a statute are limited to residents of the State, but such limitations are usually clearly expressed. The words used in drafting the law are all embracing, and may be interpreted to include the widows of non-resident decedents, as well as the widows of persons dying in this State.

In view of the well recognized principles of law above referred to, governing the granting of administration upon the estates of deceased persons, and the descent and distribution of property, is it reasonable to hold that the Legis-

lature intended that this grant of Five Hundred Dollars to the widow of any decedent, should include the widows of non-resident decedents owning property in this State?

Most of the states have statutes making some allowance for the widow of a decedent, in addition to her distributive share of the estate. The weight of authority seems to be that this allowance is determined by the domicile of the decedent and that statutes providing therefor have no extra-territorial effect. *Smith v. Howard,* 86 *Me.* 203, 29 *A.* 1008, 41 *Am. St. Rep.* 537; *Medley v. Dunlap,* 90 *N. C.* 527; *Simpson, Adm'r., v. Cureton,* 97 *N. C.* 112, 2 *S.E.* 668; *Barber v. Ellis,* 68 *Miss.* 172, 8 *So.* 390; *In re Babcock's Estate,* 64 *S.D.* 283, 266 *N. W.* 420; *Graham v. Stull,* 92 *Tenn.* 673, 22 *S.W.* 738, 21 *L.R.A.* 241; *In re James' Estate,* 38 *S.D.* 107, 160 *N.W.* 525; *Hascall v. Hafford,* 107 *Tenn.* 355, 65 *S.W.* 423, 89 *Am. Rep.* 952; *Gilman v. Gilman,* 53 *Me.* 184; *Shannon v. White,* 109 *Mass.* 146.

Laws of this nature serve a double purpose: They not only furnish a temporary means of support for the widow and minor children in many instances, but also prevent them from becoming a charge on the State. Without such purpose the Legislature would not have any reason for enacting laws of this character. It would not be interested in the relief of widows and minor children who were not residents of this State, and there would not be any possibility of such non-residents becoming charges upon it.

Why then, should this statute be held to apply to a case where the decedent was a resident of the State of Maryland, and his widow is also a resident of that State?

If it does, and the widow of Isaac F. Beauchamp is entitled to the Five Hundred Dollars allowed her by the Register of Wills of this County, she is entitled to an allowance in every state in the Union where similar statutes exist, if sufficient property can be found there. I do not believe it was ever intended that such should be the state of the law.

The statutes in some of the states leave it to the discretion of the Probate Court to determine the amount to be allowed to the widow; but this distinction does not solve the question of where the allowance shall be granted. I have not found any authority holding that the widow of a decedent was entitled to an allowance, under the law of a state of which she was not a resident, and of which the decedent was not a resident at the time of his death, but in which property was located.

Those are the circumstances in the case now under consideration.

In *Smith v. Howard,* 86 *Me.* 203, 29 *A.* 1008, 41 *Am. St. Rep.* 537, the decedent was domiciled in Massachusetts where the principal administration was had; ancillary letters were granted in Maine but the Supreme Court reversed an allowance of $700 to the widow under the laws of that State.

It did not clearly appear in which State the widow was domiciled.

The opinion of the court contained this language:

"In this case it is proper to consider that the statutes of every state are enacted primarily with reference to the citizens within its own jurisdiction; * * *.

"The widow's allowance was originally designed to afford a temporary supply for the widow and her family pending the settlement of the estate. It had its origin in a humane and beneficient public policy that seeks to encourage the continuance of the family relations by providing against the exigencies arising from the death of the head of the family. * * *

"If the defendant is entitled to have an allowance from the assets found in this state, she would have an equal right to it in every other state in which personal property of her husband might be found."

A similar ruling was made in the case of *Simpson, Adm'r., v. Cureton,* 97 *N. C.* 112, 2 *S. E.* 668; the decedent

residing in South Carolina an allowance was refused his widow in North Carolina. In the case of *Graham v. Stull,* 92 *Tenn.* 673, 22 *S.W.* 738, 21 *L.R.A.* 241, the situation was very much like that in this case. The deceased husband was a resident of Arkansas at the time of his death but both he and his wife had resided in Tennessee before their marriage. His will was probated in Arkansas and a transcript of said probate filed in the office of the Clerk of the Probate Court of Shelby County, Tennessee. His widow filed a petition in Tennessee asking for a year's allowance out of his property in that State. The court denied her application and had this to say:

"We are of opinion that the statute providing for a year's support for the widow of a deceased person applies only to the widow of such person as may be residing in Tennessee at the time of his death, and does not apply to the widow of a non-resident."

The cases relied upon by the Executrix on behalf of the widow are *Jones v. Layne,* 144 *N.C.* 600, 57 *S.E.* 372, 11 *L.R.A.* (*N.S.*) 361, and *Stromberg v. Stromberg,* 119 *Minn.* 325, 138 *N.W.* 428, 429, both of which, I think, can be distinguished from the case at bar. In *Jones v. Layne, supra,* both the decedent and his wife lived in North Carolina at the time of their marriage but they moved to Kentucky. While living in Kentucky they separated, the wife returning to North Carolina and the husband going to the State of Washington where he died. There was no administration on the estate in North Carolina, but the widow made an application under the laws of that State, for a year's allowance out of property found there and the same was allowed. There the widow was not only living in the state but the statute specified that a year's provision be laid off to her. The court took the view that the principle that the disposition and distribution of personal property is governed by the domicile of the owner at the time of his death, was based upon a fiction which applied only to the distribution of the assets of the deceased, and has no ap-

plication to the payment of debts, legacies, costs of administration, nor inheritance taxes or death dues. That such property being protected by the law of the place where it was found passed by force of said law. In *Stromberg v. Stromberg, supra,* the decedent died in Illinois leaving a widow residing there but no estate in that jurisdiction. He left an insurance policy for $2,000 which was payable to his estate. Said insurance policy was in the possession of his brother who was appointed administrator in the State of Minnesota, and collected the full amount thereof. The Supreme Court of Minnesota held the widow was entitled to the statutory allowance of $500 out of any personal property of the deceased. But the law in that State provides that before any claims are presented or allowed, upon petition of the widow the court shall make an order assigning to her the personal property allowed her.

The property thus assigned to her must be delivered to her by the executor or administrator and is not treated as assets in his hands. The court's view of the question before it is expressed in part, by these words contained in the opinion:

"A humane and beneficent purpose to make some provision immediately available to one bereft of support is manifest in this statute, and we think the widow of a non-resident ought not to be deprived of this benefit provided by our law, where it clearly appears that the only property belonging to the estate of her deceased husband is here."

The statute under consideration was previously construed by this court in the case of *In re Hearn's Estate,* 22 *Del. Ch.* 447, 195 *A.* 367, but that decision is not helpful in this instance.

In that case the widow died during the year and before the allowance had been paid to her by the executor.

The opinion was to the effect that the right to be paid the sum of Five Hundred Dollars vested in the widow and

survived to her administrator in preference to the estate of her deceased husband. I have no difficulty in understanding why the statute applicable to a case of this nature, where the principal letters of administration were granted in another state, requires that there shall be an accounting for all of the personal estate of the deceased in this State. Without such an accounting creditors of the decedent residing in this State would be obliged to go to the foreign state in order to learn what the estate consisted of and to collect the amount due them. It also facilitates the collection of taxes and any other charges which might be made against the estate in this jurisdiction. I am likewise satisfied that the personal estate of the decedent should be distributed according to law of the domicile, which in this case is the State of Maryland; and also that the rights of the widow to an allowance are controlled by the law of the domicile of the decedent. This widow has claimed her rights under the law of Maryland where an allowance of $75 was made to her. Not only was the decedent, Isaac F. Beauchamp, a non-resident of this State, but his widow was also a non-resident at the time the account was passed in which the allowance of $500 was made to her, and said allowance was, therefore, improperly made.

It is, therefore, ordered that the account upon the estate of Isaac F. Beauchamp, passed before the Register of Wills of Sussex County, Delaware, on November 26, 1937, whereby the amount of $500 was allowed to his widow, Sallie K. Beauchamp, be surcharged as to said allowance; and said allowance of $500 to said widow be, and the same is hereby disallowed.