INDUSTRIAL TRUST COMPANY, a corporation of the State of Delaware, Administrator Cum Testamento Annexo under the will of HERMAN GLANDING, DECEASED,

*vs.*

HOWARD S. GLANDING, REBA W. TAYLOR and JUNE ELLEN GLANDING.

*New Castle, July 22, 1944.*

126

*William Poole,* of the office of Southerland, Berl & Potter, for complainant.

*George C. Hering, Jr.,* for Howard S. Glanding and Reba W. Taylor.

*James R. Morford,* of the firm of Marvel & Morford, and *Thomas Cooch,* for June Ellen Glanding.

HARRINGTON, Chancellor: The will of Herman Glanding, in part, provides:

"Second: I give, devise and bequeath unto my beloved wife, Alice W. Glanding all my property, real, personal and mixed, of whatever nature or kind and wheresoever the same may be situate to her and her heirs and assigns forever."

There are no other material provisions in that instrument.

As Alice W. Glanding, the wife of the testator, predeceased him, the bequest to her never took effect, so for all practical purposes, he died intestate. He left to survive him a son, Howard S. Glanding, and a daughter, Reba W. Taylor. Charles Wesley Glanding, another son, died July 25th, 1941, or some time prior to his father's death. He left no lineal descendants; but an adopted daughter known as June Ellen Glanding, survived him. The adoption proceedings were taken in the Municipal Court of Philadelphia County, Pennsylvania, and it is not denied that they were in all respects pursuant to the Pennsylvania statute. The final order of the court was entered June 7th, 1929, or more than thirteen years prior to the death of Herman Glanding. Charles Wesley Glanding and Edith Laramore Glanding, his wife, were then residents of Wilmington, Delaware. June Ellen Glanding, originally Mary Elizabeth Bell, was born in Bucks County, Pennsylvania, March 6th, 1928, and has been in the custody of Charles Wesley Glanding and his wife since March 24th, 1929. It does not appear how she came into their possession.

The complainant, the administrator *c. t. a.* of Herman Glanding, deceased, has in hand for distribution a consider-

able sum of money, and the question is whether June Ellen Glanding is entitled to participate in that fund.

*Section* 3847 *of the Revised Code of* 1935 provides:

"The residue of the personal estate of a deceased person, after the payment of all legal demands and charges, shall be distributed to and among every the children of the intestate and the lawful issue of such children who shall have died before the intestate; * * *."

June Ellen Glanding claims that being the adopted daughter of Charles Wesley Glanding, deceased, she comes within the meaning of the latter provision of that statute, and is the only "lawful issue" of her adoptive father; and through him is entitled to a one-third part of his deceased father's personal property.

The rights of an adopted child are necessarily regulated by some statutory or constitutional provision, as adoption was unknown to the common law. 1 *Amer. Jur.* 662; 2 *C. J. S.* 452, 453; 2 *Beale Conf. Laws*, § 247.1.

Prior to 1933, the Delaware Adoption Statute (§ 3065, *Rev. Code* 1915) directed that the decree should provide:

"* * * henceforth and forever all the duties, rights, privileges and obligations recognized by law between parent and child shall exist between the applicant or applicants and the child, children, or young person or persons so adopted as fully and to all intents and purposes, as if the said child, children, or young person or persons were the lawful and natural offspring or issue of the person or persons making the application for his, her, or their adoption * * *."

In 1933 that provision was stricken out by *Chapter* 162, *Volume* 38 *Laws of Delaware,* and the present Act (§ 3551, *Rev. Code* 1935) provides that upon the entry of a final order of adoption, the adopted child "shall * * * be, to all intents and purposes, the child and heir at law of the person so adopting him or her * * * entitled to all the rights and privileges * * * of a child of such person begotten in lawful wedlock." This provision must be read into the Statute of Distribution (§ 3847, *Rev. Code* 1935) in con-

sidering the meaning of the words "lawful issue" in that statute. *Phillips v. McConica,* 59 *Ohio St.* 1, 51 *N. E.* 445, 69 *Am. St. Rep.* 753; 1 *Amer. Jur.,* 664; 2 *C. J. S.* 452.

Perhaps there was some doubt whether the language of our original adoption statute was broad enough to permit the adopted child to inherit even from the adoptive parent on his death, intestate; whether it did any more than provide that the personal relation of parent and child should exist "between" them. That question was not before the court in *Hall v. Crandall,* 25 *Del. Ch.* 339, 20 *A.* 2d 545. At any rate, the present statute seems to remove any such doubt. It expressly provides that the adopted child shall "be, to all intents and purposes, the child and heir at law *of the person so adopting him or her",* but goes no further. The provision that such child shall be "entitled to all the rights * * * *of a child of such person* begotten in lawful wedlock" is substantially the same as the original statute, and does not broaden the meaning of the prior language. The reasonable inference is that rights between the foster parents and the child were alone contemplated by the statute. See 10 *A. L. R.* 536. The following provision tends to corroborate that conclusion:

"* * * on the decease of such person and the subsequent decease of such adopted child without issue, the property of *such adopting parent* still undisposed of shall descend to his or her next of kin, and not to the next of kin of such adopted child. * * *"

Adoption statutes are necessarily construed somewhat strictly, and the right to inherit from the ancestors or collateral relatives of the adoptive parent, through him, if not expressly given, will not be readily implied. *Phillips v. McConica, supra; Brooks Bank & Trust Co. v. Rorabacher,* 118 *Conn.* 202, 171 *A.* 655; 2 *Beale Conf. Laws,* § 247.2; 1 *Amer. Jur.* 662; 2 *C. J. S.,* § 455. Generally, the idea of consanguinity is more or less fundamental in statutes of descent and distribution. 1 *Amer. Jur.* 664.

The language of the Pennsylvania statute, under which June Ellen Glanding was adopted, is much more comprehensive than our statute, with respect to the right of an adopted child to inherit; but its provisions do not control the distribution of personal property belonging to the estate of an intestate resident of this State. As questions of descent and distribution of Delaware property are involved, our statutes (§§ 3847 and 3551, *Rev. Code* 1935) govern that right. *In re Beauchamp's Estate, (Orphans' Ct.)*, 23 *Del. Ch.* 377, 2 *A.* 2d 900; *Anderson v. French*, 77 *N. H.* 509, 93 *A.* 1042, *L. R. A.* 1916*A*, 660, *Ann. Cas.* 1916*B*, 89; *Goodrich, Conf. Laws*, 331; 73 *A. L. R.* 973; 2 *C. J. S.* 459.

When the adoption proceedings are in another state, and the laws of that state are complied with, the status of the child as an adopted child is usually recognized elsewhere if not contrary to the declared policy of the state where the controversy is pending; but that is only by comity, and not by compulsion, and the rule goes no further. *Anderson v. French, supra;* 1 *Amer. Jur.* 668; 2 *C. J. S.*, 459; 73 *A. L. R.* 968, 973.

The full faith and credit clause of the Federal Constitution (§ 1, *Art.* 4) is not applicable. *Hood v. McGehee*, 237 *U. S.* 611, 35 *S. Ct.* 718, 59 *L. Ed.* 1144.

Our Adoption Statute (§ 3549, *Rev. Code* 1935) provides that:

"No adoption proceeding or order therein shall be valid or recognized by any Court in this State as respects persons who are residents of the State of Delaware, whether such persons be the adopters or adoptees, unless the adoption proceedings so taken shall be in substantial compliance with the adoption laws of this State; provided, however, that this shall not apply to any adoption proceedings or order therein taken as respects persons who are not residents of the State of Delaware at the time of the commencement of such adoption proceeding and/or at the time of entering of the order therein or pertaining thereto."

It seems to be at least tacitly conceded by all parties

that June Ellen Glanding was not a resident of this State at the time of her adoption; that the statutory provision above quoted (§ 3549) is not applicable, and that her status as an adopted child of Charles Wesley Glanding, should be recognized. But, as we have seen, that concession does not dispose of this case, and when our adoption statute is read with the statute of distribution, it is evident that June Ellen Glanding is not entitled to any part of the personal property belonging to the estate of Herman Glanding, deceased.

A decree will be entered accordingly.