**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:  April 8, 2020
Draft Report:
Date Submitted:  March 31, 2020

A. Dean Betts, Jr., Esquire
Tunnell & Raysor, P.A.
30 East Pine Street
PO Box 151
Georgetown, DE 19947

James P. Sharp, Esquire
Moore & Rutt, P.A.
122 West Market Street
PO Box 554
Georgetown, DE 19947

RE:  *Mildred Dewey v. Alberta Arce*
     C.A. No. 2019-0533-PWG

Dear Counsel:

Pending before me is the executrix's motion to dismiss an action filed by decedent's mother contesting his will. The executrix claims the mother lacks standing to contest decedent's will because she has no pecuniary interest in the estate – if the will is invalidated, decedent's son, not the mother, would be the sole intestate heir to decedent's estate. The mother responds that she has standing as decedent's intestate heir, because decedent's son was adopted by his stepfather,

terminating his rights to inherit from the decedent. The Court considered supplemental information outside of the pleadings, and the motion to dismiss was treated as a motion for summary judgment. Because I find that material issues concerning decedent's son's status as an heir remain in dispute and it is desirable for the Court to inquire more fully into the facts, I recommend that the Court deny the executrix's motion. This is a final report.

## I. Background

Charles Dewey ("Decedent") died on April 15, 2019.[1] Decedent's long-time companion, Defendant Alberta Arce ("Alberta"), registered the Last Will and Testament of Charles Dewey ("Will") with the Register of Wills on April 30, 2019.[2] Plaintiff Mildred Dewey ("Mildred"), Decedent's mother, filed a "motion to contest will" on July 10, 2019, and Alberta, executrix and beneficiary of Decedent's estate ("Estate"), responded with a motion to dismiss on August 19, 2019. Mildred filed an amended complaint, on September 20, 2019, contesting the authenticity and/or validity of the Will and claiming that she is Decedent's sole intestate heir of the Estate, since Decedent's son, Jeffrey Raines ("Jeffrey"), was adopted by his stepfather and his inheritance rights have been terminated.[3] She

---

[1] Docket Item ("D.I.") 12.

[2] I use first names for purposes of clarity and intend no familiarity or disrespect.

[3] Jeffrey is identified both as "Jeffrey Raines" and as "Jeffrey Dewey."

2

also asks that Alberta be removed as executrix of the Estate. In Alberta's September 23, 2019 revised motion to dismiss ("Motion"), she claims Mildred lacks standing to prosecute her action contesting the Will because, if the Will is invalidated, Jeffrey is Decedent's sole intestate heir and Mildred has no interest in this matter. Mildred responded, on November 13, 2019, that, if the Will were declared invalid, she is the sole heir of the Estate because Jeffrey was adopted and is not an intestate heir of the Estate.[4]

Since Jeffrey's status as Decedent's intestate heir is key to the decision on whether Mildred has standing to pursue this action, I allowed the parties the opportunity to supplement the record with factual support of Jeffrey's status and provided notice that, if the record was supplemented, I would treat the Motion as a motion for summary judgment.[5] Alberta filed supplemental information on January 27, 2020 showing interactions in which Jeffrey held himself out as Decedent's son and identified himself as "Jeffrey Dewey."[6] On March 31, 2020, Mildred responded that she had been "unable to obtain additional documentation supportive of the adoption of Jeffrey Rains."[7]

---

[4] D.I. 15, ¶ 3.

[5] D.I. 16.

[6] D.I. 17.

## II. Analysis

The Motion challenges standing under Rule 12 as a motion to dismiss.[8] "Generally, matters outside the pleadings should not be considered in ruling on a motion to dismiss."[9] Here, Alberta presented supplemental information for consideration by the Court. Under Court of Chancery Rule 12(b), if a party presents extraneous matters in support of its Rule 12(b)(6) motion and the court considers those matters, it typically treats the motion as one for summary judgment.[10] So, the Motion was converted to a motion for summary judgment and

---

[7] D.I. 20.

[8] The issue of standing can be challenged under Court of Chancery Rule 12(b)(1) or Rule 12(b)(6). The Delaware Supreme Court has held that where the issue of standing is so closely related to the merits, a motion to dismiss based on lack of standing is properly considered under Court of Chancery Rule 12(b)(6) rather than Rule 12(b)(1). *Cf. Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1286 (Del. 2007). And "where a party is not arguing that the court lacks the authority to grant the relief requested to any plaintiff (i.e., lacks subject matter jurisdiction), but rather is arguing that the court cannot grant relief to these particular plaintiffs, the motion is more properly decided under Rule 12(b)(6) because the plaintiff has failed to plead a necessary element of a cognizable claim, not because the court does not have jurisdiction." *Id.* at 1285.

[9] *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 68 (Del. 1995).

[10] *Cf. In re Ebix, Inc. Stockholder Litig.*, 2016 WL 208402, at *9 (Del. Ch. Jan. 15, 2016); *Casale v. Bare*, 2009 WL 2425459, at *1 (Del. Ch. Aug. 3, 2009) ("Because facts outside the four corners of the complaint have been raised in support of the motion to dismiss, [the Court] converted the motion to one for summary judgment pursuant to Court of Chancery Rule 56."); *Cornely v. Hartco, Inc.*, 1994 WL 30520, at *2 (Del. Ch. Jan. 27, 1994).

all parties were "given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[11]

Therefore, I consider the Motion under the standards governing a motion for summary judgment. Under Court of Chancery Rule 56, the court grants a motion for summary judgment when "the moving party demonstrates the absence of issues of material fact and that it is entitled to a judgment as a matter of law."[12] The moving party bears the burden of establishing there are no material issues of fact in dispute and that it is entitled to judgment as a matter of law.[13] Evidence must be viewed "in the light most favorable to the non-moving party."[14] Summary judgment may not be granted if there is a "reasonable indication that a material fact is in dispute," or if the Court determines that it "seems desirable to inquire more

---

[11] *See* Ct. Ch. R. 12(b).

[12] *Wagamon v. Dolan*, 2012 WL 1388847, at *2 (Del. Ch. Apr. 20, 2012); *see also Cincinnati Bell Cellular Sys. Co. v. Ameritech Mobile Phone Serv. of Cincinnati, Inc.*, 1996 WL 506906, at *2 (Del. Ch. Sept. 3, 1996), *aff'd*, 692 A.2d 411 (Del. 1997).

[13] *Wagamon*, 2012 WL 1388847, at *2; *Lundeen v. Pricewaterhousecoopers, LLC*, 2006 WL 2559855, at *5 (Del. Super. Aug. 31, 2006).

[14] *Williams v. Geier*, 671 A.2d 1368, 1389 (Del. 1996) (citing *Merrill v. Crothall-American, Inc.,* 606 A.2d 96, 99 (Del. 1992)); *CelestialRX Investments, LLC v. Krivulka*, 2017 WL 416990, at *12 (Del. Ch. Jan. 31, 2017) (citation omitted); *Erickson v. Centennial Beauregard Cellular, LLC*, 2003 WL 1878583, at *2 (Del. Ch. Apr. 11, 2003).

thoroughly into the facts in order to clarify the application of law to the circumstances."[15]

The issue here is whether Mildred has standing to contest the Will (or to seek a review of proof of the Will under 12 *Del. C.* § 1309). Standing "refers to the right of a party to invoke the jurisdiction of a court to enforce a claim or redress a grievance."[16] Generally, to have standing, a plaintiff must have "(1) suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the [defendant] and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."[17] Court of Chancery Rule 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." A person lacks standing to contest a will if they have "no interest in the estate which

---

[15] *Cf. Williams*, 671 A.2d at 1388-89 (citing *Ebersole v. Lowengrub,* 180 A.2d 467, 470 (Del. 1962)); *Hendry v. Hendry*, 2006 WL 1565254, at *7 (Del. Ch. May 26, 2006) (citation omitted); *In re Estate of Turner*, 2004 WL 74473, at *4 (Del. Ch. Jan. 9, 2004) (citation omitted).

[16] *Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 38 (Del. Ch. 2012); *see also Gull Point v. Util. Sys.*, 2004 WL 1965923, at *1 (Del. Super. Aug. 2, 2004) (citation omitted).

[17] *Ehrlich v. Ehrlich*, 2016 WL 3980984, at *3 (Del. Ch. July 25, 2016), *adopted*, (Del. Ch. 2016) (citing *Vichi*, 62 A.3d at 38).

may be affected by the probate of the proposed will; and the interest must be pecuniary and one detrimentally affected by the will, and not a mere sentimental interest."[18]

Here, for purposes of the Motion, I view the evidence in the light most favorable to Mildred, who alleges "Decedent's parental rights in Jeffrey were terminated" when Jeffrey was adopted by his stepfather and that Mildred is Decedent's sole heir if the Will is invalidated.[19] Alberta asserts that, at all times, she believed Jeffrey to be Decedent's son and Jeffrey held himself out as Jeffrey Dewey and sought to be involved in the administration of the Estate following Decedent's death.[20]

Decedent had no spouse, no children other than Jeffrey, and Decedent's father is deceased. If the Will is declared invalid, under Delaware's intestate succession, since Decedent had no surviving spouse, the Estate would pass first to Decedent's issue *per stirpes* or, if there are no surviving issue, then to his mother.[21]

---

[18] *McCarty v. McCarty*, 2014 WL 1995013, at *1 (Del. Ch. May 15, 2014), *adopted,* (Del. Ch. 2014) (citation omitted); *see also Scholl v. Murphy*, 2001 WL 576224, at *5 (Del. Ch. May 7, 2001) ("Plaintiff's status as an intestate heir to the descendant is sufficient to make him an interested party for the purposes of both 12 *Del. C.* § 1309 and Chancery Court Rule 17.").

[19] D.I. 12, ¶¶ 8, 9.

[20] Alberta acknowledges, however, that Jeffrey and Decedent were estranged and had little involvement with each other for 25 years prior to Decedent's death. D.I. 13, ¶ 4.

[21] *See* 12 *Del. C.* §503.

7

Issue is defined as all of the person's lineal descendants of all generations, with the relationship of parent and child at each generation determined by the definitions in the statute.[22] Child is defined as an individual entitled to take by intestate succession from a parent, excluding "a stepchild, a foster child, a grandchild or a more remote descendant."[23] For purposes of intestate succession, the relationship of parent and child is established "by, through, or from a person," and an "adopted person is the child of an adopting parent and not of the natural parent."[24] After viewing the evidence in Mildred's favor, I find that Alberta has not met her burden and there remains a material fact in dispute – whether Jeffrey was adopted, thereby extinguishing his right to take by intestate succession from Decedent. And, I find it is desirable for the Court to inquire more thoroughly into the facts in order to determine whether Mildred has standing to bring this action.

## III. Conclusion

Based upon the reasons set forth above, I treat Defendant Alberta Arce's revised motion to dismiss as a motion for summary judgment and find that Alberta has not met her burden of demonstrating that no material issues of fact are in dispute and that she is entitled to judgment as a matter of law. I also conclude it is

---

[22] 12 *Del. C.* §101(4).

[23] 12 *Del. C.* §101(1).

[24] 12 *Del. C.* §508; *see generally Chichester v. Wilmington Trust Co.*, 377 A.2d 11, 14 (Del. 1977).

desirable to inquire more thoroughly into the facts in this matter. Accordingly, I recommend that the Court deny Alberta's motion. This is a Master's final report and exceptions may be taken under Court of Chancery Rule 144.

<div style="margin-left:40%">

Respectfully,

/s/ Patricia W. Griffin

Patricia W. Griffin
Master in Chancery

</div>